Dear Mr. DeRosier:
We are in receipt of your request for an Attorney General's opinion regarding a vacancy within the governing authority of the City of Lake Charles. For Clarification of this opinion, we will reiterate the factual situation presented in your opinion request:
 With the resignation of a Lake Charles City Councilman today, May 14, 1999, a vacancy will exist in the Office of Lake Charles City Councilman, the remaining term of which is approximately two (2) years. Section 2-05 of the Home Rule Charter, a copy of which is attached hereto, provides that if the term of office to be filled is less than one (1) year, then it is filled by appointment by the mayor with council concurrence. If the term to be filled is greater than one (1) year, a special election must be held to fill the vacancy. The charter does not provide for the interim appointment of a councilman to fill the vacancy that exists between the date the vacancy commences and the special election which, in this case, will be approximately five (5) months. Therefore, it is apparent that in accordance with LSA-R.S. 18:602(G) we look to Section 602 for guidance.
 LSA-R.S. 18:602(A) provides in pertinent part, as follows:
 The presiding officer of the governing authority shall not be required to vote on such an appointment to be made by the governing authority of a local governmental subdivision unless a tie vote occurs thereon, in which case he shall vote to break the tie; however, in no case shall the presiding officer vote more than once on the appointment.
Your question, therefore, is as follows:
 Under the circumstances hereinabove enumerated, can the President of the Council (the presiding officer) vote in the process of filling this vacancy?
We concur in your interpretation of the law as stated above. In answer to your question, it is the opinion of this office that in accordance with R.S. 18:602(A), the presiding officer is not required to vote on the appointment, except to break a tie vote. Nevertheless, if the presiding officer chooses to vote on the appointment, she may not vote again in the case of a tie vote as she may not vote more than once on the appointment. In other words, the presiding officer must choose whether to vote on the appointment or to wait and vote in the case of a tie vote.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr